UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
-----------------------------------------------------------x
COMMERCE BANCORP, LLC (f/k/a          :
COMMERCE BANCORP, INC.),              :
TD BANK, N.A. and TD BANKNORTH INC.   :
                                      :        Civil Action No. 08 Civ. _____
                Plaintiffs,           :
                                      :
        v.                            :                COMPLAINT
                                      :
VERNON W. HILL, II,                   :
                                      :
                Defendant.            :
-----------------------------------------------------------x
```

Plaintiffs Commerce Bancorp, LLC (formerly known as Commerce Bancorp, Inc.), TD Bank, N.A. and TD Banknorth Inc. (collectively, "Commerce Bank"), by and through their undersigned counsel, for their Complaint against defendant Vernon W. Hill, II ("Hill"), allege as follows:

## NATURE OF ACTION

1.      This is an action for violation of the U.S. Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1051, *et seq.*, including trademark infringement (15 U.S.C. § 1114(1)), and unfair competition (15 U.S.C. § 1125(a)), related claims arising under the statutory and common law of the State of New Jersey for trademark infringement and unfair competition, copyright infringement under the U.S. Copyright Act, 17 U.S.C. § 101, *et seq.*, and breach of the Amended and Restated Employment Agreement between Commerce Bancorp, Inc., and Hill, dated January 1, 2006 (the "Employment Agreement").

2.      Commerce Bank brings this lawsuit because Hill is intentionally infringing Commerce Bank's trademarks and copyrights without Commerce Bank's consent.

Hill has created and publicly distributed a publication that prominently displays Commerce Bank's trademarks and copyrighted works and Hill threatens to compound this harm by further distributing and publicly presenting such publication at a banking industry conference tomorrow before a potential audience of hundreds, if not thousands, of conference participants. Hill's unlawful conduct causes consumer confusion, jeopardizes Commerce Bank's reputation and the integrity of its intellectual property, and causes irreparable damage to Commerce Bank. Hill's conduct violates federal, state and common law, and is in breach of Hill's obligations to Commerce Bank. Accordingly, Commerce Bank brings this action to preserve its good name and reputation and the integrity of its intellectual property, and to enjoin Hill's wrongful conduct.

## THE PARTIES

3.      Commerce Bancorp, LLC is a Delaware limited liability corporation with its principal place of business in Cherry Hill, New Jersey, and a wholly owned subsidiary of TD Banknorth Inc.  Commerce Bancorp, LLC is the successor to Commerce Bancorp, Inc., a leading provider of banking and financial services and products.  Commerce Bank is well-known throughout the United States for its unique retail approach to banking, emphasis on convenience and cultivation of customers.  Its unique strategy—which features standardized facilities, convenient hours, exceptional customer service, and aggressive marketing—has helped Commerce develop its reputation as "America's Most Convenient Bank."  As of April 2008, Commerce Bank became a wholly-owned subsidiary of The Toronto-Dominion Bank ("TD"), a Canadian chartered bank serving more than 14 million customers in Canada, the U.S., and around the world.

4.      TD Bank, N.A. is a national banking association organized under the laws of the United States headquartered in Wilmington, Delaware with principal offices in Cherry

Hill, New Jersey and Portland, Maine, and is an indirectly wholly-owned subsidiary of TD.  As part of TD's acquisition of Commerce Bank, the U.S. banking subsidiaries of both TD and Commerce Bank, which include Commerce's retail branches, were combined into TD Bank, N.A.

5.     Vernon W. Hill, II is the former Chairman and CEO of Commerce Bank, and was terminated from his position effective July 31, 2007 in connection with Commerce Bank's entry into a Consent Order with the Office of the Comptroller of the Currency and a Memorandum of Understanding with the Federal Reserve Bank of Philadelphia regarding related-party transactions and other matters.  Upon information and belief, Hill is currently the chairman of a consulting company called Hill-Townsend and is a resident of the State of New Jersey.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as Commerce Bank alleges substantial claims for trademark infringement and unfair competition arising under the Lanham Act and for copyright infringement under the Copyright Act.  This Court has supplemental jurisdiction over the related state and common law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), as the state and common law claims are claims of unfair competition and breach of contract joined with substantial and related claims under the federal trademark and/or copyright laws and/or are so related to the federal trademark and/or copyright claims so as to constitute part of the same case or controversy.

7.     This Court has personal jurisdiction over Hill pursuant to N.J. Civ. R. 4:4-4(a)(1) because, upon information and belief, Hill resides in Moorestown Township, New Jersey.

8.      In addition, pursuant to Section 18.9 of the Employment Agreement, both Commerce Bank and Hill voluntarily, knowingly, and expressly consented to the exclusive jurisdiction of either the Superior Court of Camden County or this Court to enforce that Agreement or resolve any related claim, controversy, or dispute.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Hill resides in this District and because a substantial part of the events and conduct giving rise to this action have occurred and/or will occur in this district.

## FACTUAL BACKGROUND

### *Commerce Bank Owns Valuable Trademarks and Copyrights*

10.      For many years, Commerce Bank has used the brand names COMMERCE BANK, PENNY ARCADE, and other "Commerce" trademarks, including the red "C" logo and "Penny" character (collectively, the "Commerce Marks"), to identify Commerce Bank and the products and services offered by it.  In recognition of the valuable rights that Commerce Bank has thereby acquired, the United States Patent and Trademark Office has issued numerous trademark registrations to Commerce Bank, granting it the exclusive right to use the red "C" logo

 (Reg. Nos. 2,506,199; 3,068,258), COMMERCE (2,084,001), COMMERCE BANK (Reg. No. 3,214,418), PENNY ARCADE (Reg. No. 3,102,701) and other trademarks in connection with banking and financial products and services in the United States.  Printouts of these registrations from the USPTO website are attached hereto as Exhibit A.  These registrations are valid and in full force and effect.  By virtue of Commerce Bank's longstanding and continuous use, two of these registrations (Reg. Nos. 2,506,199; 2,084,001) have achieved incontestable status under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

11.     Additionally, Commerce Bank possesses common law rights in such trademarks, under both New Jersey and federal law.

12.     Since its inception, Commerce Bank has invested heavily to develop and maintain a unique banking network characterized by unparallel customer service, free PENNY ARCADE coin counting machines in bank branches, extended hours and other features that differentiate Commerce Bank from its competitors.  This has helped Commerce develop its reputation as "America's Most Convenient Bank."

13.     Commerce Bank has devoted substantial resources and effort to establish the reputation of its banking network and to develop the Commerce Marks in the public mind. Commerce Bank has spent a significant amount marketing, advertising and promoting the Commerce Marks through various methods, including newspaper, magazine, television and Internet advertising.  It has distributed millions of pieces of direct mail and point-of-sale materials and consistently maintained a comprehensive website to increase consumer exposure to its products and services.

14.     In 2007 alone, Commerce Bank spent a significant amount on such marketing activities in the United States.  Commerce Bank's promotion of its products and services consistently featured the Commerce Marks.

15.     By virtue of Commerce Bank's efforts, including its exclusive, continuous and substantial use, and continuous and extensive marketing and advertising, the Commerce Marks have gained widespread recognition as a distinctive designation of products and services uniquely associated with Commerce Bank, and have come to identify Commerce Bank and products and services provided or authorized by it.  Such marks are invaluable symbols of the

goodwill of Commerce Bank's business, and are recognized by consumers throughout the United States.

16.    Commerce Bank also owns various copyrighted materials, including the graphical representation of its "Penny" character for the PENNY ARCADE coin counters, and original versions of certain of the photographs, maps and/or slides found in the presentation attached hereto as Exhibit B ("Commerce Copyrighted Materials").   These materials are original works of authorship, protected by U.S. copyright law, and Commerce Bank is applying on an expedited basis to obtain a registration certificate for them at the United States Copyright Office.

### *Hill May Not Use or Disclose Commerce Bank's Non-Public, Proprietary Information*

17.    On January 1, 2006, Hill and Commerce Bank entered into the Employment Agreement ("Employment Agreement").  Pursuant to Section 18.9, Hill agrees to submit to the exclusive jurisdiction of the Superior Court, Law Division, Camden County, New Jersey or the United States District Court for the District of New Jersey, Camden Vicinage, to resolve any claims or disputes involving the Employment Agreement.

18.    Section 15.1 of the Employment Agreement forbids Hill, except with the prior written consent of Commerce Bank's board, to directly or indirectly "disclose, communicate or divulge Company Information to any Person other than authorized Commerce personnel," or "[u]se Company Information for the benefit of himself or any other Person, other than authorized Commerce personnel."  Section 15.1 defines "Company Information" as "all data relating to Commerce's business that is not generally published or available to the public," including "financial information," or "other materials embodying trade secrets, customer product information, or technical or business information of Commerce."  There is no end date for Hill's

obligations under Section 15.1.  Instead, they exist during the term of the Employment Agreement and at "any later time."

19.    In addition, Section 15.2 of the Employment Agreement provides that during the contract term, Hill will not, except with the express prior written consent of Commerce Bank's board, directly or indirectly, "engage in any act or action which he, acting reasonably, believes or should believe would be harmful or inimical to the interests of Commerce."  Section 15.2 applies to Hill's acting in "any capacity," including that of an "employee, owner, partner, consultant, agent, director, officer, [or] shareholder."

20.    Hill also agreed, pursuant to Section 15.4 of the Employment Agreement, that any breach by him of any of the terms of Section 15 would "result in irreparable injury to Commerce for which money damages could not adequately compensate Commerce."  Section 15.4 expressly provides that in the event of the breach of any provision of Section 15, Commerce is entitled, among any other applicable remedies it may have, "to have an injunction issued by any competent court enjoining and restraining Hill and/or any other Person involved from continuing such breach."

### *Commerce Bank Discovers the Presentation*

21.    On Thursday, November 13, 2008, Commerce Bank learned about the content of a presentation that Hill is scheduled to make as a speaker at the 2008 BAI Retail Delivery Conference & Expo (the "Conference") in Orlando, Florida.  The Conference advertises itself as "the largest retail financial services event in the world" and claims to have nearly 6,000 participants annually.

22.     Hill's conference session, which is scheduled for Tuesday, November 18, at 2:30 p.m., is entitled "Banking on Retail" and is described in the publicly available agenda for the Conference as follows:

> As the founder and former CEO of Commerce Bancorp, Vernon Hill revolutionized the retail banking business by looking to the retail industry for inspiration and differentiation, including innovations such as extended weekend and branch hours and free coin counting.  In a conversation with Tom Brown, Hill will share his perspectives and extensive experience.

23.     Using the website available to registered Conference participants, Commerce Bank discovered that BAI had posted an advance copy of a PowerPoint presentation for Hill's November 18 session (the "Presentation").  The twenty-six slide Presentation is entitled "Back to the Future: The New American Banking System."  Following a handful of introductory slides regarding the banking industry's experiences in 2008 and the general features of the "Next Great Bank," the Presentation then turns to discussing the philosophy and successes of Commerce Bank in detail.

### The Presentation Infringes Commerce Bank's Trademarks

24.     Nearly half of the pages of the Presentation prominently feature Commerce Bank's registered and incontestable red "C" logo trademark, which the public strongly associates with Commerce Bank.  In addition, the Presentation makes numerous, unauthorized use of the COMMERCE BANK and PENNY ARCADE trademarks, uses a color scheme of blue, red and white in shades that exactly match those in Commerce Bank's proprietary trade dress, and uses the distinctive type font of Commerce Bank.

25.     The Presentation also refers to "The Commerce Model" and "The Commerce Philosophy" without any explanation that Hill no longer represents or is affiliated with Commerce Bank.

26.     At no point does the Presentation contain any disclaimers or clarifications that Hill has not been affiliated with Commerce Bank for nearly 18 months.

27.     Hill is intentionally attempting to mislead and confuse potential consumers and capitalize on Commerce Bank's goodwill and intellectual property rights.  A significant portion of the consuming public is likely to be misled and confused by Hill's unauthorized uses, as described above, and/or is likely to believe that Hill is associated or affiliated with Commerce Bank.  Indeed, Hill's past association with Commerce Bank greatly heightens this risk.

28.     Based on the foregoing, the Presentation is highly likely to confuse consumers that Hill and his new venture are associated or affiliated with or are endorsed or sponsored by Commerce Bank.  In fact, however, Commerce Bank severed its ties with Hill nearly 18 months ago.

### *The Presentation Infringes Commerce Bank's Copyrights*

29.     The Presentation constitutes an unauthorized reproduction, distribution and public display of the Commerce Copyrighted Materials.  The Presentation includes, inter alia, unauthorized verbatim or substantially verbatim reproductions of:  (i) a detailed, highly graphical map that depicts Commerce Bank locations in the Eastern United States, using dozens of the distinctive red "C" logo trademarks, (ii) multiple Commerce Bank-owned photographs, including one featuring the "Penny Arcade" coin counter and the "Penny" character, and/or (iii) multiple Commerce Bank-owned presentation slides.  Commerce Bank at no time consented to Hill's inclusion of the foregoing content in the Presentation.

***Commerce Bank Requests That Hill Substantially Modify the Presentation***

30.     Upon reviewing the Presentation, Commerce Bank immediately concluded that it incorporates substantial Commerce Bank intellectual property, to which Hill has no rights whatsoever.  Commerce Bank contacted Hill, through his counsel, to request that he excise Commerce Bank's trademarks, copyrighted material, and other intellectual property, as well as non-public information about its operations, from the Presentation.

31.     Later in the afternoon of November 14, 2008, Hill's counsel advised that Hill would agree to remove all iterations of the red "C" logo from the Presentation, but would not agree to remove the other objectionable content.  Given the range and extent of Hill's infringement of its intellectual property rights, this minimal offer did not address the full range of the Presentation's violations.

32.     Also, on Friday, November 14, 2008, Commerce Bank sent Hill a cease and desist letter outlining his willful infringement of Commerce Bank's intellectual property and requesting that Hill "(i) revise the Presentation to cease any and all unfair competition or infringement of Commerce Bank's intellectual property; (ii) alert BAI to deactivate its website link to the Presentation in its current form; and (iii) provide assurances to Commerce Bank that [he] will not further infringe its rights or attempt to confuse the audience at the BAI conference on November 18, 2008 as to his current non-affiliation with Commerce Bank."  The letter further advised Hill that a representative of Commerce Bank would attend his November 18 session, and demanded a response by 5:30 p.m. on Friday.

33.     Hill's counsel emailed at 5:25 p.m., stating that they would respond early next week.  Commerce Bank's counsel replied that this timing would be inadequate to ensure that Commerce Bank's rights are not violated, given that Hill is scheduled to deliver the Presentation

in Orlando on Tuesday afternoon. Later on Friday evening, November 14, Hill's counsel again contacted Commerce Bank's counsel, who went through the Presentation page-by-page and detailed its infringing content. However, as of this morning, neither Hill nor his counsel has committed to comply with the requests Commerce Bank made in its November 14 letter.

### *Hill's Continued Involvement in the Banking Industry*

34.     The Presentation presents a particularly high risk of confusion in light of Hill's current activities and associations.

35.     Specifically, since his termination from Commerce Bank, Hill has reportedly turned to consulting in the financial services industry. In June 2008, Hill, as head of an investor group, purchased $10.8 million in convertible trust preferred securities issued by Republic First Bancorp. ("Republic First"). In July, Hill invested an additional $6 million in Republic First. Together, these transactions made Hill one of Republic First's largest shareholders. According to industry publications, Hill also serves as a consultant to Republic First under a four-year consulting agreement that began sometime this year.

36.     On Monday, November 10, 2008, Pennsylvania Commerce Bancorp announced an agreement to buy Republic First in an all-stock transaction. The resulting entity, which reportedly will be known as Metro Bancorp. Inc., will have 45 branches in Central Pennsylvania and the metropolitan Philadelphia area. Under the agreement, Hill will remain both a consultant for the new combined entity and one of its largest shareholders.

37.     Pennsylvania Commerce Bancorp is the parent of Commerce Bank/Harrisburg, which has certain rights to use Commerce Bank's trademarks pursuant to existing agreements with Commerce Bank that are currently being renegotiated.

38.     Especially in light of the pending merger between Pennsylvania Commerce and Republic First, the Presentation holds the potential to seriously mislead and confuse attendees of the Conference and other recipients of the Presentation as to Hill's association with Commerce Bank and/or his right to use its trademarks and other intellectual property.  Hill is well aware of the emerging and complex issues arising from the Republic First acquisition, which only serves to heighten his culpability for the conduct described herein.

## FIRST COUNT
### Trademark Infringement Under Federal Law
### (15 U.S.C. § 1114(1))

39.     Commerce Bank repeats and realleges paragraphs 1 through 38 above by reference as if fully set forth herein.

40.     Commerce Bank owns valid federal registrations to the COMMERCE, COMMERCE BANK, PENNY ARCADE and red "C" logo trademarks.

41.     These trademark registrations are valid and subsisting, and two of these registrations (Reg. Nos. 2,506,199; 2,084,001) have achieved incontestable status under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

42.     Hill has used and plans to continue using such trademarks in interstate commerce to identify services and products that compete with those offered by Commerce Bank and/or in connection with the advertising and promotion of such goods.

43.     Hill's conduct as alleged above constitutes the unauthorized use in commerce in the United States of a reproduction, copy and/or colorable imitation of such trademarks in connection with the sale, offering for sale, distribution or advertising of its services and products, and has caused and/or is likely to cause confusion or mistake or deception of the

public as to the source or origin of such goods in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Such conduct is willful and intentional.

44.     Hill's conduct as alleged above has caused and/or will cause Commerce Bank to suffer injury, which cannot adequately be compensated with money damages. Unless Hill is preliminarily and permanently enjoined from such further conduct, Commerce Bank will suffer irreparable harm. Therefore, Commerce Bank is entitled to (i) injunctive relief under 15 U.S.C. § 1116 and (ii) its actual damages, Hill's wrongful profits, and (due to the exceptional misconduct by Hill) an award of its costs and reasonable attorney's fees under 15 U.S.C. § 1117(a).

## SECOND COUNT
### Unfair Competition Under Federal Law
### (15 U.S.C. § 1125(a))

45.     Commerce Bank repeats and realleges paragraphs 1 through 45 above by reference as if fully set forth herein.

46.     Commerce Bank owns valid and exclusive rights to the COMMERCE, COMMERCE BANK, PENNY ARCADE and red "C" logo trademarks in connection with banking and financial products and services, which, by virtue of their use by Commerce Bank in connection with such products and services, have gained widespread consumer recognition and have developed valuable goodwill associated therewith.

47.     Hill's conduct as alleged above constitutes the unauthorized use of such trademarks, and has caused and/or is likely to cause confusion as to (i) the affiliation, connection and/or association of Commerce Bank with Hill, and/or products and services offered by Hill; (ii) the source and origin of Hill's products and services; and/or (iii) the sponsorship, endorsement or approval of Hill or his products and services by Commerce Bank, in each case in

violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Such conduct is willful and intentional.

48.    Hill's conduct as alleged above has caused and/or will cause Commerce Bank to suffer injury, which cannot adequately be compensated with money damages.  Unless Hill is preliminarily and permanently enjoined from such further conduct, Commerce Bank will suffer irreparable harm.  Therefore, Commerce Bank is entitled to (i) injunctive relief under 15 U.S.C. § 1116 and (ii) its actual damages, Hill's wrongful profits, and (due to the exceptional misconduct by Hill) an award of its costs and reasonable attorney's fees under 15 U.S.C. § 1117(a).

### THIRD COUNT
### Unfair Competition Under New Jersey Law
### (N.J. Unfair Competition Statute, N.J.S.A. § 56:4-1)

49.    Commerce Bank repeats and realleges Paragraphs 1 through 48 above by reference as if fully set forth herein.

50.    Hill's conduct as alleged above constitutes the commission of unfair competition in the State of New Jersey, in violation of Section 56:4-1 of the New Jersey Unfair Competition Statute.

51.    Hill's conduct as alleged above has caused and/or will cause Commerce Bank to suffer injury, which cannot adequately be compensated with money damages.  Unless Hill is enjoined or restrained from such further conduct, Commerce Bank will suffer irreparable harm.

### FOURTH COUNT
### COMMON LAW TRADEMARK INFRINGEMENT

52.    Commerce Bank repeats and realleges paragraphs 1 through 51 above by reference as if fully set forth herein.

53.     As alleged above, Hill's conduct and unauthorized use of Commerce Bank's trademarks in connection with the marketing, distribution, advertising and/or promotion of its services and products constitute infringement and misappropriation of Commerce Bank trademarks in violation of Commerce Bank's rights under the common law of the State of New Jersey.

54.     Hill's conduct as alleged above has caused and/or will cause Commerce Bank to suffer injury, which cannot adequately be compensated with money damages.  Unless Hill is enjoined or restrained from such further conduct, Commerce Bank will suffer irreparable harm.

### FIFTH COUNT
**Copyright Infringement**
**(17 U.S.C. § 101, *et seq.*)**

55.     Commerce Bank repeats and realleges paragraphs 1 through 54 above by reference as if fully set forth herein.

56.     Commerce Bank owns the copyrights to the Commerce Copyrighted Materials, which are original works of authorship and protected by U.S. copyright law. Commerce Bank is applying for a registration certificate for such works on an expedited basis at the United States Copyright Office.

57.     Hill's unauthorized copying, distribution, and/or public display of the Commerce Copyrighted Materials, through the Presentation, infringes Commerce Bank's exclusive rights under Sections 106(1), (3) and (5) of the Copyright Act, 17 U.S.C. § 106(1), (3) & (5), and therefore constitutes copyright infringement under Section 501(a) of the Copyright Act, 17 U.S.C. § 501(a).  Such infringement is willful and intentional.

58.    Hill's continuing acts of copyright infringement, unless enjoined, will cause and have caused irreparable damage to Commerce Bank.  Commerce Bank is entitled to injunctive relief under 17 U.S.C. § 502(b).

59.    Commerce Bank also is entitled to recover all actual damages suffered by Commerce Bank and any profits wrongfully received or otherwise achieved, directly or indirectly, by Hill in connection with his copying, distributing, and/or publicly displaying these works through the Presentation, as well by any other of Hill's actions that violate Commerce Bank's exclusive rights under 17 U.S.C. § 106.   17 U.S.C. § 504(a)(1) & (2).  In the alternative, Commerce Bank may be entitled to an award of statutory damages as provided for in 17 U.S.C. § 504(c), with an enhancement due to Hill's willful infringement.  Commerce Bank is also entitled to an award of its costs and attorneys' fees under 17 U.S.C. § 505, based on the circumstances of this case.

**SIXTH COUNT**
**Breach of Contract**

60.    Commerce Bank repeats and realleges paragraphs 1 through 59 above by reference as if fully set forth herein.

61.    The Employment Agreement constitutes a binding and legally enforceable agreement between Hill and Commerce Bank, and contractually bars Hill from using or disclosing non-public Company Information.  Such obligation applies to Hill during the term of the agreement and thereafter.  The agreement further provides that Hill may not engage in any act that he "believes or should believe would be harmful or inimical to the interests of Commerce."

62.    Hill has breached the Employment Agreement because a reasonable person would have believed or should have believed that the use of Commerce Bank's

16

intellectual property and business information in the Presentation was unauthorized and would be harmful or inimical to Commerce Bank's interests.

63.     As a result of Hill's breach, Commerce Bank has sustained monetary and other damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs hereby respectfully request relief as follows:

A.      that judgment be entered in their favor and against Hill;

B.      that Hill and each of his agents and affiliated entities be preliminarily and permanently enjoined and restrained from (i) infringing any trademarks and/or proprietary trade dress of Commerce Bank, in the Presentation or otherwise: (ii) making any designation of origin, descriptions or representations, in the Presentation or otherwise, indicating or suggesting that Commerce Bank is the source or sponsor of, or in any way has endorsed or is affiliated with any service or product distributed, promoted, marketed or sold by Hill or its agents or affiliated entities; (iii) infringing any of the Commerce Copyrighted Materials, in the Presentation or otherwise; and (iv) disclosing any non-public, proprietary information owned by Commerce Bank;

C.      that Hill be ordered to account to Plaintiffs for all gains and profits obtained by him as a result of his trademark infringement and unfair competition, and that Plaintiffs be awarded both (i) their actual damages and (ii) restitution in the amount of all such gains and profits;

D.      that Hill be ordered to account to Plaintiffs for all gains and profits obtained by him as a result of his copyright infringement, and that Plaintiffs be awarded both (i) their actual damages and (ii) restitution in the amount of all such gains and profits, or in the alternative, an award of statutory damages pursuant to 17 U.S.C. § 504(c);

E.      that Plaintiffs be awarded their actual damages arising from Hill's breach of the Employment Agreement;

F.      that Plaintiffs recover enhanced damages for their trademark and copyright claims

due to the willful and intentional nature of Hill's misconduct;

G.      that Plaintiffs be awarded their full costs and reasonable attorney's fees for this

action; and

H.      that the Court award such other and further relief to Plaintiffs as the Court deems

to be just and proper.

Dated:  Westmont, New Jersey
        November 17, 2008

BROWN & CONNERY, LLP

By:

William M. Tambussi
Susan M. Leming
360 Haddon Avenue
P.O. Box 539
Westmont, New Jersey 08108
(856) 854-8900

OF COUNSEL:

**SIMPSON THACHER & BARTLETT LLP**
Lynn K. Neuner
Lori E. Lesser
425 Lexington Avenue
New York, NY 10017
(212) 455-2000

*Attorneys for Commerce Bancorp LLC (f/k/a
Commerce Bancorp, Inc.), TD Bank, N.A. and
TD Banknorth Inc.*

**EXHIBIT A**

Trademark Electronic Search System (TESS)                                    Page 1 of 2

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Nov 14 04:08:49 EST 2008*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TARR Status | ASSIGN Status | TDR | TTAB Status   **( Use the "Back" button of the Internet Browser to return to TESS)**

### Typed Drawing

| | |
|---|---|
| **Word Mark** | COMMERCE |
| **Goods and Services** | IC 036. US 100 101 102. G & S: insurance agencies featuring home, accident, life, property, casualty, and business insurance. FIRST USE: 19860101. FIRST USE IN COMMERCE: 19860101 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75156449 |
| **Filing Date** | August 26, 1996 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | May 6, 1997 |
| **Registration Number** | **2084001** |
| **Registration Date** | July 29, 1997 |
| **Owner** | (REGISTRANT) Commerce Insurance Agency, Inc. CORPORATION NEW JERSEY 500 Sicklerville Road Sicklerville NEW JERSEY 08081 |
| | (LAST LISTED OWNER) COMMERCE BANCORP, INC. CORPORATION NEW JERSEY 11000 ATRIUM WAY MOUNT LAUREL NEW JERSEY 08054 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Darren B. Cohen, Esq. |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20061115. |
| **Renewal** | 1ST RENEWAL 20061115 |
| **Live/Dead** | LIVE |

Trademark Electronic Search System (TESS)                    Page 2 of 2

**Indicator**



|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Trademark Electronic Search System (TESS)                          Page 1 of 2

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Nov 14 04:08:49 EST 2008*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TARR Status | ASSIGN Status | TDR | TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | C |
| **Goods and Services** | IC 036. US 100 101 102. G & S: BANKING SERVICES. FIRST USE: 19730629. FIRST USE IN COMMERCE: 19730629 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 76128099 |
| **Filing Date** | September 14, 2000 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | August 21, 2001 |
| **Registration Number** | 2506199 |
| **Registration Date** | November 13, 2001 |
| **Owner** | (REGISTRANT) Commerce Bancorp, Inc. CORPORATION NEW JERSEY Marketing Department 11000 Atrium Way Mount Laurel NEW JERSEY 08054 |
| **Attorney of Record** | Darren B. Cohen, Esq. |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

Trademark Electronic Search System (TESS)                    Page 2 of 2

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Trademark Electronic Search System (TESS)                                    Page 1 of 2

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Nov 14 04:08:49 EST 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

| Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | C |
| **Goods and Services** | IC 036. US 100 101 102. G & S: BANKING SERVICES; BANKING SERVICES PROVIDED VIA THE INTERNET; INVESTMENT BROKERAGE SERVICES; INVESTMENT BROKERAGE SERVICES PROVIDED VIA THE INTERNET; INSURANCE BROKERAGE SERVICES; INSURANCE BROKERAGE SERVICES PROVIDED VIA THE INTERNET. FIRST USE: 19730629. FIRST USE IN COMMERCE: 19730629 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 01.15.08 - Raindrop (a single drop); Single drop (rain, tear, etc.); Teardrop (a single drop) 27.03.05 - Objects forming letters or numerals |
| **Serial Number** | 78596881 |
| **Filing Date** | March 29, 2005 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | December 20, 2005 |
| **Registration Number** | 3068258 |
| **Registration Date** | March 14, 2006 |
| **Owner** | (REGISTRANT) Commerce Bancorp, Inc. CORPORATION NEW JERSEY 1701 Route 70 East Cherry Hill NEW JERSEY 080345400 |
| **Attorney of Record** | Darren B. Cohen, Esq. |

Trademark Electronic Search System (TESS)                                      Page 2 of 2

| | |
|---|---|
| **Prior Registrations** | 2506199;2795525 |
| **Description of Mark** | The color(s) red is/are claimed as a feature of the mark. The entire mark appears in the color red. |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Trademark Electronic Search System (TESS)                                    Page 1 of 2

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Nov 14 04:08:49 EST 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | | HELP |

[ Logout ] Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# PENNY ARCADE

| | |
|---|---|
| **Word Mark** | PENNY ARCADE |
| **Goods and Services** | IC 036. US 100 101 102. G & S: coin-counting services; coin-counting services provided through coin-counting machines; banking services; providing an interactive web site featuring information for children and educators, all in the fields of banking and financial services. FIRST USE: 20021200. FIRST USE IN COMMERCE: 20021200 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 76617091 |
| **Filing Date** | October 18, 2004 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | March 21, 2006 |
| **Registration Number** | 3102701 |
| **Registration Date** | June 13, 2006 |
| **Owner** | (REGISTRANT) Commerce Bancorp, Inc. CORPORATION NEW JERSEY Commerce Atrium 1701 Route 70 East Cherry Hill NEW JERSEY 080345400 |
| **Attorney of Record** | Darren B. Cohen, Esq. |

Trademark Electronic Search System (TESS)                    Page 2 of 2

| | |
|---|---|
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Trademark Electronic Search System (TESS)                                    Page 1 of 2

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Nov 14 04:08:49 EST 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | C COMMERCE BANK |
| **Goods and Services** | IC 036. US 100 101 102. G & S: BANKING SERVICES. FIRST USE: 19730629. FIRST USE IN COMMERCE: 19730629 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 76127975 |
| **Filing Date** | September 14, 2000 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | September 19, 2006 |
| **Registration Number** | 3214418 |
| **Registration Date** | March 6, 2007 |
| **Owner** | (REGISTRANT) Commerce Bancorp, Inc. CORPORATION NEW JERSEY 11000 Atrium Way Mount Laurel NEW JERSEY 08054 |
| **Attorney of Record** | Darren B. Cohen, Esq. |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BANK" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Trademark Electronic Search System (TESS)                                    Page 2 of 2

**EXHIBIT B**







*Model
Culture
+ Execution
―――――
= Legendary
Brand*

Commerce is creating a brand —
not an ordinary brand — an emotional brand
in which we provide legendary service to
Customers who become Fans, providing us
with an engine for growth.

